IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00056-MR-WCM

| | |
|---|---|
| McCARTHY IMPROVEMENT COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BLYTHE DEVELOPMENT CO., )<br>)<br>Defendant and )<br>Third-Party )<br>Plaintiff, )<br>)<br>and )<br>)<br>LIBERTY MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant, )<br>)<br>vs. )<br>)<br>WESTERN SURETY COMPANY, )<br>)<br>Third-Party )<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion to Compel Arbitration and Stay Litigation [Doc. 31].

Pursuant to N.C. Gen. Stat. § 1-569.7 and 9 U.S.C. § 3, the parties request the Court to refer the underlying disputes between the Plaintiff McCarthy Improvement Company ("MCI") and the Defendant Blythe Development Company ("Blythe") to arbitration and to stay the proceedings herein until such arbitration proceedings have concluded. For grounds, the parties state that Article X of the construction Subcontract between Blythe and MCI [Doc. 12-1] contains a valid and enforceable agreement to arbitrate between MCI and Blythe, but that the surety bonds furnished by defendant Liberty Mutual Insurance Company ("Liberty") and third-party defendant Western Surety Company ("Western") do not include arbitration provisions. The parties contend that the disputes between MCI and Blythe in this civil action should be referred to arbitration pursuant to the Subcontract, and that Liberty and Western have agreed to be bound by the arbitrator's determination as to the underlying contract dispute between MCI and Blythe, but reserve all their rights to adjudication of any surety-specific defenses in this Court if and to the extent necessary following arbitration. Further, the parties have agreed to designate Jason James as the single arbitrator of the dispute to conduct the Arbitration in accordance with the American Arbitration Association's Construction

Industry Arbitration Rules without being subject to the American Arbitration Association administration and fees.

Having carefully considered the Joint Motion to Compel Arbitration and Stay Litigation, and for cause shown, the Court hereby enters the following Order.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion to Compel Arbitration and Stay Litigation is **GRANTED** as follows:

1. MCI's First and Second Claims for Relief against Blythe and Count One of Blythe's counterclaim against MCI are hereby referred to binding arbitration according to Article X of the Subcontract, N.C. Gen. Stat. § 1-569.7, and 9 U.S.C. § 3.

2. Jason James is designated as a single arbitrator of the dispute to conduct the Arbitration in accordance with the American Arbitration Association's Construction Industry Arbitration Rules without being subject to American Arbitration Association administration and fees.

3. The remaining surety-related claims and defenses in this civil action are hereby **STAYED** pending the outcome of the arbitration between MCI and Blythe.

4. The parties shall submit status reports to the Court every ninety (90) days to advise the Court of the status of the arbitration.

3

Case 1:22-cv-00056-MR-WCM   Document 32   Filed 11/14/22   Page 3 of 4

**IT IS SO ORDERED.**

Signed: November 11, 2022

*Martin Reidinger*
Chief United States District Judge